```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

CT INVESTMENT MANAGEMENT CO., LLC,
solely in its capacity as special servicer
and attorney-in-fact for BANK OF
AMERICA, NATIONAL ASSOCIATION, as
successor by merger to LASALLE BANK
NATIONAL ASSOCIATION, as trustee for
the Noteholders,

                    Plaintiff,                    10 Civ. 6872

     -against-                                    OPINION

PABLO GONZALEZ CARBONELL and
GRUPO COSTAMEX, S.A. de C.V,

                    Defendants.

------------------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiff

          SIDLEY AUSTIN LLP
          787 Seventh Avenue
          New York, NY 10019
          By:  Nicholas P. Crowell, Esq.
               Martin B. Jackson, Esq.
               Vijay Dewan, Esq.

          Attorneys for the Foreign Representative

          JONES DAY
          222 East 41st Street
          New York, New York 10017
          By:  Pedro A. Jimenez, Esq.
               Jennifer J. O'Neil, Esq.

          325 John H. McConnell Boulevard, Suite 600
          Columbus, Ohio 43215
          By:  Todd Swatsler, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/12

**Sweet, D.J.**

On September 13, 2010, plaintiff CT Investment Management Co., LLC, in its capacity as special servicer and attorney-in-fact for Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as trustee for the Noteholders ("Plaintiff" or "CT Investment") commenced the instant action against defendants Pablo Gonzalez Carbonell and Grupo Costamex, S.A. de C.V. (together, "Defendants") alleging breach of contract under a guaranty agreement (the "Agreement") entered into in connection with the development and operation of several resort properties and hotels in Mexico. Plaintiff alleges that the Defendants' obligations under the Agreement were triggered when, on or about April 27, 2010, Cozumel Caribe S.A. de C.V. ("Cozumel Caribe"), a subsidiary of defendant Grupo Costamex, commenced a concurso mercantil, or voluntary bankruptcy, proceeding in Mexico.

On May 13, 2011, Plaintiff filed a motion for entry of default judgment. Following the submission of several letters to the Court, on July 26, 2011, Nemias Esteban Martinez Martinez (the "Foreign Representative" or "Martinez"), in his capacity as the foreign representative in Cozumel Caribe's Chapter 15

1

bankruptcy case in the United States, filed a motion for the extension of comity to a certain order issued by the Third District Court for the State of Quintana Roo (the "Mexican District Court") on May 27, 2010 (the "May 27th Order") and to stay the above-captioned case pending the conclusion of Cozumel Caribe's bankruptcy proceeding in Mexico.

For the reasons stated below, comity is extended to the May 27th Order and the Foreign Representative's motion for a stay is granted.

**Prior Proceedings**

On April 27, 2010, Cozumel Caribe initiated a voluntary insolvency proceeding (the "Mexican Bankruptcy Proceeding") pursuant to the provisions of the Ley de Concursos Mercantiles (the "Mexican Business Reorganization Act") in the Mexican District Court. As part of its petition under the Mexican Business Reorganization Act, Cozumel Caribe sought entry of an order approving certain measures to protect it as well as certain other parties. On May 27, 2010, the Mexican District Court approved Cozumel Caribe's application and entered the May 27th Order.

On June 22, 2010, the Director General of Mexico's Federal Institute of Business Reorganization Specialists appointed the Foreign Representative as the visitador of Cozumel Caribe, and that appointment was later elevated to the title of conciliador by the Mexican District Court.

In addition, on July 20, 2010, the Foreign Representative filed a petition under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code") on behalf of Cozumel Caribe with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On October 20, 2010, the Bankruptcy Court entered its Order Granting Recognition of Foreign Representative and Foreign Main Proceeding and for Additional Relief under 11 U.S.C. § 1521 (the "Recognition Order") pursuant to which the U.S. Bankruptcy Court granted recognition to the Mexican Bankruptcy Proceeding and the Foreign Representative.

On August 12, 2010, CT Investment sought an appeal of the May 27th Order by filing a claim with the Second District Judge of the City of Cancun (the "Cancun District Court") and sought temporary and immediate suspension of the May 27th Order.

On August 13, 2010, the Cancun District Court denied that request. Following the August 13, 2010 denial, CT Investment filed an appeal with the Second Associate Court of the Twenty-Seventh Circuit in Mexico (the "Mexican Appellate Court"), seeking review of the Cancun District Court's denial. On August 23, 2010, the Mexican Appellate Court denied that appeal. Following Mexican Appellate Court's decision, the Cancun District Court held a hearing on August 31, 2010 on CT Investment's application to temporarily suspend the May 27th Order. On September 7, 2010, the Cancun District Court denied that request.

On September 13, 2010, Plaintiff filed the instant complaint seeking to enforce the Agreement.

On September 30, 2010, the Mexican District Court issued its business reorganization judgment granting Cozumel Caribe's bankruptcy petition. On December 9, 2010, the Second Collegiate Court of Cancun, Quintana Roo denied CT Investment's appeal and dismissed the proceeding Plaintiff had initiated with the Cancun District Court.

On May 13, 2011, Plaintiff filed a motion for entry of default judgment. On July 26, 2011, the Foreign Representative filed the instant motion for the extension of comity for a stay pending the conclusion of Cozumel Caribe's bankruptcy proceeding in Mexico.

**Comity is Extended and a Stay is Granted**

**A. The Foreign Representative Has Standing**

Martinez asserts that he has standing to seek comity and a stay pursuant to Section 1509(b) of the Bankruptcy Code, which provides:

> If the [U.S. bankruptcy] court grants recognition [to a foreign bankruptcy proceeding] under section 1517 [of the U.S. Bankruptcy Code], and subject to any limitations that the [U.S. bankruptcy] court may impose consistent with the policy of this chapter—
>
> (1) the foreign representative has the capacity to sue and be sued in a court in the United States;
> (2) the foreign representative may apply directly to a court in the United States for appropriate relief in that court; and
> (3) a court in the United States shall grant comity or cooperation to the foreign representative.

11 U.S.C. § 1509(b).

5

At the threshold, CT Investment argues that the stay and comity motion should be denied because Martinez lacks standing for the reason that neither Cozumel Caribe nor Martinez is a party to this action or has otherwise sought to properly intervene. Plaintiff points to Section 1524 of the Bankruptcy Code, which provides that "[u]pon recognition of a foreign proceeding, the foreign representative may intervene in any proceedings in a State or Federal court in the United States in which the debtor is a party." 11 U.S.C. § 1524. In Plaintiff's view, Section 1524 limits the right of the foreign representative to intervene to proceedings "in which the debtor is a party." 11 U.S.C. § 1524. That is, Plaintiff argues that the Foreign Representative may seek relief under section 1509(b) only to the extent that he has a right to intervene under Section 1524. However, no part of Section 1509(b) suggests that Congress intended the ability of a foreign representative "to apply directly to a court . . . for appropriate relief," 11 U.S.C. § 1509(b)(2), following a U.S. bankruptcy court's recognition of a foreign bankruptcy proceeding to be limited to cases in which the Chapter 15 debtor is a party. CT Investment has offered no case or legislative history supporting the proposition that Section 1524 was intended to limit Section 1509(b) in such a way or affect its mandate that "a court in the

6

United States shall grant comity or cooperation to the foreign representative." 11 U.S.C. § 1509(b)(3). Instead, the plain language of Sections 1509 and 1524 indicates that they are separate grants of authority, and it is well settled that

> Section 1509 of the Code erects a structure in which the foreign representative passes through the bankruptcy court for a recognition decision, the specified consequences of which are that the foreign representative gains the capacity to sue and be sued in United States courts and the authority to apply directly to a court in the United States for appropriate relief, and that all courts in the United States must grant comity or cooperation to the foreign representative.

In re Basis Yield Alpha Fund (Master), 381 B.R. 37, 44-45 (Bankr. S.D.N.Y. 2008).

In addition, CT Investment contends that Section 1509 does not permit a foreign representative to "apply directly to a court in the United States for appropriate relief in that court," 11 U.S.C. § 1509(b)(2), without otherwise observing applicable U.S. law and the Federal Rules of Civil Procedure, namely Rule 24's requirements for intervention. Specifically, Plaintiff relies on the text of Section 1509(e), which provides in relevant part that "[w]hether or not the court grants recognition . . . a foreign representative is subject to applicable nonbankruptcy law." 11 U.S.C. § 1509(e).

Accordingly, in Plaintiff's view, while Section 1509(b) allows a foreign representative to seek appropriate relief from any U.S. court, Martinez is required to intervene by motion and meet the standard of Rule 24.

However, "[t]he legislative history of the Chapter states that [Section 1509(e)] is intended to function identically to the manner which 28 U.S.C. § 959 affects domestic trustees . . . ." In re Loy, 380 B.R. 154, 165 n.2 (Bankr. E.D. Va. 2007) (citing H. Rep. 109-31(I) at 109 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 172 ("Subsection (e) makes activities in the United States by a foreign representative subject to applicable United States law, just as 28 U.S.C. § 959 does for a domestic trustee in bankruptcy.")); 28 U.S.C. § 959 (2007)). 28 U.S.C. § 959 provides that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." Section 1509 was thus intended to subject foreign representatives to suit with respect to their acts in their capacity as such under applicable nonbankruptcy law, regardless of whether a U.S. Bankruptcy Court had previously granted recognition, not to limit the effect of Section

1509(b)(2), which by its plain terms permits a foreign representative to "apply directly to a court in the United States for appropriate relief in that court." 11 U.S.C. § 1509(b)(2).

This Court will "assume that 'Congress says in a statute what it means and means in a statute what it says,'" and finds that under Section 1509(b)(2), Martinez properly has standing to seek comity and a stay. In re Fairfield Sentry Ltd., 452 B.R. 52, 58 (Bankr. S.D.N.Y. 2011) (quoting Stoltz v. Brattleboro Hous. Auth. (In re Stoltz), 315 F.3d 80, 89 (2d Cir. 2002)); see also Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms.") (citations and quotation marks omitted); United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) (in interpreting the Bankruptcy Code finding that plaint meaning of legislation should be conclusive, except in rare cases where literal application of statute would present a result demonstrably at odds with intentions of its drafters).

**C. The May 27th Order Requires a Stay**

9

The May 27th Order grants a number of preventative measures "in order to protect the interests of the presumably bankrupted company, of the borrowers and the company's assets, as well as in order to favor its existence." (Decl. of Raul Garcia Herrera of July 26, 2011, Ex. A, Dkt. No. 20-3 at 3.) Specifically, Subsection (e) of the May 27th Order provides that "[t]he execution of additional guarantees established in the Guarantee Agreement in case of bankruptcy is suspended, whose responsibility of its credits is trying to be extended to the principal's shareholders (Pablo Ignacio Gonzalez Carbonell) by reason of the bankruptcy request (Paragraph two of Article 26, section II of Article 37 of the Bankruptcy Act)." (Id. at 4.) Thus, by its plain terms, the May 27th Order suspends the execution of the guarantees established in the Agreement.

Relying on the Mexican Appellate Court's Order of August 23, 2010, Plaintiff argues that the May 27th Order does not require a stay of the instant action. However, the August 23, 2010 Mexican Appellate Court Order does not speak to Subsection (e) of the May 27th Order, which addresses the suspension of the execution of the guarantees in the Agreement that are triggered by Cozumel Caribe's bankruptcy, and,

regardless, the August 23, 2011 Appellate Order was substituted and voided by the September 6, 2010 order of the Cancun District Court denying CT Investment's request for the suspension of the May 27th Order. Moreover, the Mexican Appellate Court later denied CT Investment's appeal of that decision and, as a consequence, the May 27th Order became final and non-appealable.

Indeed, after the filing of the August 23 Appellate Order that CT Investment asserts modified the May 27th Order, the Mexican District Court ordered the issuance of letters rogatory to inform this Court of the May 27th Order and "the effectiveness of the preventive measures established" therein. (Decl. of Raul Garcia Herrera of July 26, 2011, Ex. B, Dkt. No. 20-4 at 8.)

**D. Extension of Comity to the May 27th Order is Mandatory and Not Contrary to the Public Policy of the United States**

Once a foreign proceeding has been recognized by a U.S. bankruptcy court, it is mandatory that U.S. courts extend comity to a foreign representative's request for a grant of comity unless granting such request would contravene U.S. public policy:

11

> Section 1509 states, in mandatory terms, that "a court in the United States shall grant comity or cooperation to the foreign representative." As the Fourth Circuit has explained, in interpreting federal statutes the word "may" evidences "a congressional intent to grant courts . . . discretion," in contrast to the word "shall," which connotes that "Congress clearly did not manifest an intent to confer such discretion." Thus, under the plain terms of § 1509(b)(3), the Bankruptcy Court lacked general discretion to deny the Foreign Administrator's request for comity; rather, the Bankruptcy Court could only have refused to defer to German Insolvency Code § 103 on the ground that applying German law, instead of § 365(n), would be "manifestly contrary to the public policy of the United States" under § 1506. Put another way, §§ 1509(b)(3) and 1506, read in pari materia, provide that comity shall be granted following the U.S. recognition of a foreign proceeding under Chapter 15, subject to the caveat that comity shall not be granted when doing so would contravene fundamental U.S. public policy. Accordingly, the analysis must focus sharply on whether § 365(n) embodies the fundamental public policy of the United States, such that subordinating § 365(n) to German Insolvency Code § 103 is an action "manifestly contrary to the public policy of the United States."

In re Qimonda AG Bankruptcy Lit., 433 B.R. 547, 565 (E.D. Va. 2010) (emphasis in original, citations omitted). As the Fifth Circuit has described,

> Chapter 15 functions through the recognition of a foreign proceeding. Only with recognition does broad relief become available: the representative is able to sue and be sued in U.S. courts, to apply directly to a U.S. court for relief, to commence a non-Chapter 15 case, to intervene in any U.S. case in which the debtor is a party, and U.S. courts must grant comity and cooperation to the foreign representative.

12

In re Condor Ins. Ltd., 601 F.3d 319, 324 (5th Cir. 2010) (citations omitted).

Here, comity must be extended because the May 27th Order is not manifestly contrary to the public policy of the United States. Plaintiff argues that a stay and extension of comity to the May 27th Order would conflict with principles of U.S. bankruptcy law, under which "extension of a stay to a non-debtor only arises when there is such identity between the debtor and [non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment . . . against the debtor." Gray v. Hirsch, 230 B.R. 239, 242 (S.D.N.Y. 1999) (citation and quotation marks omitted). However, the laws of Mexico and the United states need not be identical for extension of comity to be appropriate. See In re Metcalfe & Mansfield Alternative Invs., 421 B.R. 685 (Bankr. S.D.N.Y. 2010). As Plaintiff recognizes, U.S. bankruptcy courts have, as the May 27th Order does, suspended actions against non-debtor parties in order to assist in, and maintain the integrity of, the administration of a debtor's bankruptcy case. See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 443 B.R. 295, 316-17 (Bankr. S.D.N.Y. 2011) (extending stay to third-party actions

13

against non-debtor entities); Robert Plan Corp. v. Liberty Mut. Ins. Co., No. 09-1930, Bankr. Case No. 09-08027, 2010 WL 1193151, at *3-*4 (Bankr. E.D.N.Y. March 23, 2010) (extending stay to action against non-debtor officers where debtor-corporation would be liable to indemnify non-debtor officers); In re Calpine Corp., 365 B.R. 401, 409 n.20 (S.D.N.Y. 2007) (extending stay to non-debtor parties on grounds that claims against non-debtors would have immediate adverse economic consequence for debtor's estate); In re United Health Care Org., 210 B.R. 228, 232-35 (S.D.N.Y. 1997) (staying actions against two non-debtor defendants where debtor corporation's successful reorganization was contingent upon contribution of defendants' personal assets and efforts); In re North Star Contracting Corp., 125 B.R. 368, 370-71 (S.D.N.Y. 1991) (staying actions against non-debtor president of debtor corporation); see also Queenie, Ltd. v. Nygard, 321 F.3d 282, 288 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.").

While Plaintiff is correct that the United States has an strong interest in the continuing enforceability of foreign

14

debts owed to United States lenders, extension of comity to the May 27th Order does not abrogate that interest.

A stay of this action pending the conclusion of the Mexican Bankruptcy Proceeding will not prejudice the parties or administration of this case, which is in its early stages prior to discovery or the filing of an answer or responsive pleading.

Extension of comity is therefore mandated by Section 1509(b) of the Bankruptcy Code.

## Conclusion

For the reasons set forth above, comity is extended to the May 27th Order and a stay is granted.

It is so ordered.

**New York, NY**
**January   , 2012**

                                                **ROBERT W. SWEET**
                                                       U.S.D.J.